UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
------------------------------------------------------------ x
ADOLFO CISNEROS, et. al,

                                  Plaintiff,                         **ORDER**
                                                                     13-CV-1755 (WFK) (CLP)

      -against-

SUNRISE VICTORY, INC., et. al,

                                  Defendants.

------------------------------------------------------------ x

POLLAK, United States Magistrate Judge:

On April 2, 2013, plaintiff Adolfo Cisneros commenced this action individually and on behalf of all other similarly situated employees[1] against defendants Sunrise Victory Inc., Yiu Dong, Inc., d/b/a/ Sunrise Victory Inc., and Wing Yiu Lee (collectively, "defendants"), alleging that defendants failed to pay plaintiffs minimum wages, overtime, and spread of hours wages, pursuant to the Fair Labor Standards Act ("FLSA"), and the New York Labor Law ("NYLL"). By letter dated March 10, 2015, plaintiffs requested that the Court preclude certain newly identified witnesses from testifying at trial. For the reasons set forth below, the Court denies the request without prejudice to plaintiffs raising the motion to preclude before the district judge at the time of trial.

A. <u>Procedural History</u>

On November 20, 2013, at a status conference with the parties, the undersigned Ordered

---

[1] Since the action was commenced, Rafael Toribio and Marcelo Juarez have joined as plaintiffs. Mr. Cisneros, Mr. Toribio, and Mr. Juarez will hereinafter be referred to as "plaintiffs."

1

the parties to complete all depositions by February 15, 2014. On January 31, 2014, plaintiffs' counsel informed the Court that they had been unable to complete depositions because defendants had retained new counsel and that current counsel had replaced defendants' original attorneys. Given that plaintiffs' inability to complete depositions was due to defendants' retention of new counsel and not to delay on the part of plaintiffs, the undersigned issued an Order on February 10, 2014, extending the time to complete depositions.

During the next status conference with this Court held on April 14, 2014, the parties informed the Court that they still had not completed depositions in the case, so the Court Ordered the parties to confer and agree on deposition dates. Thereafter, at a status conference held on April 23, 2014, the undersigned reminded the parties that the district judge had scheduled a trial to begin on April 28, 2014. Although plaintiffs indicated that they were prepared to proceed to trial, defendants indicated that they required additional time for discovery. The undersigned directed defendants to take the issue up with the district court. Thereafter, on April 28, 2014, the district judge adjourned the trial until October 28, 2014.

At a status conference held before this Court on May 16, 2014, the parties informed the undersigned that they still had not completed their depositions. The Court Ordered the parties to complete the remaining depositions by June 30, 2014. On July 1, 2014, the parties requested an extension of time, until August 4, 2014, to complete the deposition of defendants' manager, and on July 2, 2014, the Court granted this request. On August 20, 2014, during a telephone conference before the undersigned, the parties informed the Court that discovery was complete.

On September 3, 2014, plaintiffs' motion to amend the complaint to add a claim based on contract law was granted and the trial was rescheduled to April 13, 2015. This Court then

held a settlement conference on October 10, 2014 and specifically asked the parties if any additional discovery was needed in light of the proposed amendment to the Complaint. It was reiterated to the Court at that time that discovery was, in fact, complete. That same day, plaintiffs filed their Third Amended Complaint.[2]

On October 20, 2014, the parties entered into a stipulation stating that plaintiffs qualified as "loaders" within the meaning of 29 C.F.R. § 782.5(a). Based on this stipulation, plaintiffs withdrew their claims for overtime pay under the FLSA and NYLL.

On November 21, 2014, defendants filed their answer to the Third Amended Complaint, and on February 17, 2015, the undersigned held another settlement conference. For the third time, the parities confirmed that discovery was complete and no additional discovery was needed. The undersigned then Ordered the parties to prepare a Joint Pretrial Order ("JPTO") in accordance with the district judge's individual rules, and to prepare for the trial that was scheduled for April 13, 2015.

B. The Current Dispute

By letter dated March 10, 2015, plaintiffs informed the Court that, for the first time, on March 6, 2015, defendants disclosed in their pretrial order three new witnesses that they intend to call at trial – Che Kin Chan, Hua Chen, and Jian Wu ("the recently identified witnesses"). Plaintiffs requested that the Court preclude these witnesses from testifying at trial because they had never been disclosed during discovery and plaintiffs had no opportunity to depose them. Defendants' counsel responded, explaining that their clients had only recently provided counsel

---

[2]Plaintiffs filed an Amended Complaint on July 5, 2013, and a Second Amended Complaint on February 13, 2014.

3

with the names of these witnesses, and argued that the witnesses should not be precluded from testifying because they would "offer highly relevant testimony in response to this claim, including without limitation testimony regarding the nonexistence of [the] purported employment contract, plaintiffs' duration of employment, and plaintiffs' schedules and routes." Defendants then requested that discovery in the case be re-opened.

On March 23, 2015, the trial was adjourned until August 31, 2015. That same day, the undersigned held a telephone conference with the parties to discuss their letters. At the conference, plaintiffs' counsel informed the Court that defendants had just recently identified a fourth witness in addition to the three that had been identified in the pretrial order on March 6, 2015. When asked who these witnesses were and why they had not been previously identified, defendants' counsel explained that they were other employees who worked with the plaintiffs, but counsel was unable to offer any explanation as to why his clients had not previously identified these witnesses, other than to say that his clients had been prompted by the filing of the Third Amended Complaint.

If this case were going to trial before the undersigned, the Court would grant plaintiffs' motion to preclude these late-identified witnesses. Given counsel's representation as to who these witnesses are, there is no possible excuse for defendants' failure to include them in their disclosures. Defendants' conduct is of particular concern because of the numerous extensions of time granted to the parties to conduct depositions and complete discovery. Not only were defendants given ample time to identify these witnesses, this Court was reassured on three separate occasions that discovery was complete. Nevertheless, on the eve of trial, defendants suddenly identified four new witnesses.

4

Moreover, defendants' argument that the filing of the Third Amended Complaint on October 10, 2014 prompted their clients to identify these witnesses is also unpersuasive. The Third Amended Complaint did not change plaintiffs' factual allegations that they were not paid properly for the work they performed; it merely amended the legal theory upon which plaintiffs are proceeding. Thus, apart from the explanation that these newly identified witnesses would testify about "the nonexistence of the contract," the other topics mentioned in defendants' letter – "plaintiffs' duration of employment, and plaintiffs' schedules and routes" – were clearly implicated in plaintiffs' initial Complaint alleging FLSA and NYLL wage and hour violations. As such, plaintiffs' original Complaint should have placed defendants on notice that these coworkers were potential witnesses.

However, in light of the fact that the trial date has now been postponed until August and there is time for plaintiffs to depose these witnesses if they so choose, and given the preference to have claims decided on the merits, the Court denies the motion to preclude at this time and Orders discovery to be reopened for the limited purpose of allowing plaintiffs to depose these four new witnesses. Defendants are Ordered to provide plaintiffs with their proposed JPTO by April 10, 2015, and include the identities of these new witnesses so that plaintiffs can depose the witnesses at defendants' cost, including the cost of the court reporters and interpreters, if needed. If defendants choose not to include these witnesses, then discovery will not be reopened. It is further Ordered that plaintiffs may re-depose defendants' corporate representative and manager to determine why the defendants failed to disclose these witnesses earlier. Defendants are to bear the costs associated with these depositions as well.

This Order is without prejudice and does not preclude plaintiffs from filing a motion *in*

*limine* before the trial judge to preclude these witnesses from testifying at trial.

The Clerk is directed to send copies of this Order to the parties either electronically through the Electronic Case Filing (ECF) system or by mail.

**SO ORDERED.**

Dated: Brooklyn, New York
March 30, 2015

/s/ Cheryl L. Pollak
_____
Cheryl L. Pollak
United States Magistrate Judge
Eastern District of New York

6